UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EVERETT LEIBOWITZ, | Case No. 5:24-cv-615-MCS-RAO |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT |
| RIVERSIDE COUNTY, et al., | |
| Defendants. | |

## I. INTRODUCTION

On March 18, 2024, Plaintiff David Everett Leibowitz ("Plaintiff"), a California pretrial detainee proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On September 3, 2024, the Court dismissed Plaintiff's Civil Rights Complaint, the operative complaint, with leave to amend within 30 days. Dkt. No. 10 at 11. The Court cautioned Plaintiff that failure to timely file an amended complaint may result in the dismissal of his lawsuit with or without prejudice based on the grounds set forth in the screening order or for failure to prosecute. *Id.* at 12. When Plaintiff did not file an amended complaint by the court-ordered deadline, the Court issued an Order to Show Cause on November 15, 2024 ("OSC"). Dkt. No. 11. The OSC directed Plaintiff to show cause in writing

why the case should not be dismissed for failure to prosecute. *Id.* To date, Plaintiff has not filed an amended complaint or otherwise been in communication with the Court.

For the reasons set forth below, the Court dismisses this action without prejudice for failure to prosecute.

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 41 governs the dismissal of federal actions. Fed. R. Civ. P. 41. Rule 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–63 (9th Cir. 1992); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). District courts may exercise their inherent power to control their dockets by imposing sanctions, including the dismissal of a case. *Ferdik*, 963 F.2d at 1260. Because of the harsh nature of dismissing a case in its entirety, courts should resort to dismissal only in extreme circumstances. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990).

A court must weigh five factors when determining whether to dismiss an action for failure to prosecute or failure to comply with court orders: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Wolff v. California*, 318 F.R.D. 627, 630 (C.D. Cal. 2016) (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)). A court's dismissal is proper if at least four factors support dismissal or three factors *strongly* support dismissal. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). The Court takes each factor in turn.

Here, the first and second factors (the public's interest in expeditious resolution and the Court's need to manage its docket) strongly favor dismissal. As a threshold matter, the public's interest in having courts expeditiously bring litigation

to resolution always favors dismissal. *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Aside from a premature petition for writ of mandamus, Plaintiff has not meaningfully prosecuted his case and failed to respond to two of this Court's orders. Dkt. Nos. 8, 10–11. Indeed, the Court last received a filing from Plaintiff over eight months ago on May 22, 2024, and no mailings directed to Plaintiff have been returned as undeliverable. Dkt. No. 8. The first and second factors therefore weigh in favor of dismissal.

When evaluating the third factor (the risk of prejudice to a defendant), courts look to whether there has been sufficient prejudice or delay to warrant a dismissal. *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994). There is a presumption of prejudice when a litigant's delay is unreasonable, and the outright failure to prosecute a case is sufficiently prejudicial to justify dismissal even if a defendant cannot prove actual prejudice. *Id.* at 1452. The risk of prejudice may also be weighed against a plaintiff's reason for delay or default. *Pagtalunan*, 291 F.3d at 642.

To date, Defendants Riverside County and the City of Indio ("Defendants") have not been ordered to respond to Plaintiff's lawsuit. Because Plaintiff has not proffered reasons to excuse his delay or failure to prosecute, the Court finds that the risk of prejudice to Defendants due to unreasonable delay weighs in favor of dismissal.

A court must consider less drastic alternatives, the fourth factor, before resorting to dismissal. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987). Examples of less drastic alternatives include warnings and additional opportunities to explain or correct defaults. *Id.* at 131 n.1. Although courts are required to explore alternatives to dismissal, a court does not need to exhaust every sanction available to it before dismissing a case. *Wolff v. California*, 318 F.R.D. 627, 632 (C.D. Cal. 2016) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)).

After Plaintiff's deadline to amend his complaint expired on October 1, 2024,

the Court waited until November 15, 2024, to issue an order to show cause. Dkt. Nos. 10–11. Plaintiff was afforded an additional thirty days to show cause or amend his complaint, and the Court mailed its order to both Plaintiff's then-address on record as well as his publicly listed address on Riverside County's inmate locator website. Dkt. No. 11. More than three months have elapsed since Plaintiff's original October 1, 2024, deadline with no communication or additional filings from Plaintiff. Because the Court resorted to utilizing less drastic alternatives, this factor weighs in favor of dismissal.

Regarding the fifth factor, public policy generally favors disposition of cases on the merits; however, this factor provides little refuge to litigants who plainly fail to move their case toward adjudication on the merits. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has failed to prosecute this matter toward a timely resolution on the merits, and the case has stagnated. The Court concludes that this factor does not weigh in favor of or against dismissal.

The Court finds that four factors weigh in favor of dismissal and one factor is neutral. Accordingly, dismissal of this action without prejudice is appropriate.

### III. CONCLUSION

For the reasons set forth above, IT IS ORDERED that this case is DISMISSED without prejudice.

DATED: January 28, 2025

*Mark C. Scarsi*

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE